UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IDEV TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-3679 |
| | § | |
| FEDERAL INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court are Defendant Federal Insurance Company's ("Federal") Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc.6), Motion to Compel Mediation (Doc. 7), and Motion for More Definite Statement (Docs. 8, 17), as well as Plaintiff IDev Technologies, Inc.'s ("IDev") response (Doc. 9) and Defendant's reply (Doc. 11). Upon review and consideration of these motions, the response and reply thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Defendant's motion for a more definite statement should be granted, while its motion to dismiss and motion compel mediation should be denied.


I. <u>Background and Relevant Facts</u>

This is an insurance case. Plaintiff IDev is a medical device corporation located in Clear Lake, Texas. IDev purchased and had in effect an insurance policy issued by Defendant Federal covering losses for "Loss of Business Income" as well as for "Extra Expenses." (Doc. 1-5 at ¶ 8.) After Hurricane Ike struck on September 15, 2008, IDev "was unable to continue normal operations from September 13, 2008 through October 13, 2008." (*Id.*) Of IDev's 109 employees, twenty-one were unable to work during this period, but IDev nevertheless continued

to pay their wages.  (*Id.*)  On March 3, 2009, IDev filed an insurance claim with Federal.  (*Id.*)
IDev alleges that Federal "improperly denied or refused to settle the claim through a written
letter dated April 13, 2009."  (*Id.*)  Further, IDev alleges that on April 23, 2009, Federal
"improperly denied [IDev's] claim for lost wages" for the period "from September 13, 2008
through October 13, 2008."  (*Id.*)  IDev acknowledges that Federal "paid a portion of the claim
but disallowed any and all salary allocations submitted in the claim."  (*Id.*)  Federal "made the
decision that the payroll portion of the claim was not covered by the under [*sic*] 'Extra Expense'
or excluded under the 96 hour waiting period as to 'Business Income' loss."  (*Id.*)  Plaintiff
maintains that payment of the salaries was necessary to maintain its "operations and but for
Hurricane Ike would not have been incurred."  (*Id.*)

On October 6, 2009, Plaintiff IDev filed suit in the 125th Judicial District Court of Harris
County, Texas, for violations of the Texas Deceptive Trade Practices Act ("TDTPA"), Tex. Bus.
and Com. Code, §§ 17.41 and 17.45(5), violations of the Tex. Ins. Code §§ 541.060, negligent
misrepresentation, and breach of contract.  (Doc. 1-5.)  On November 13, 2009, Defendant
Federal removed the case to this Court pursuant to diversity jurisdiction.  (Doc. 1.)  Defendant
now moves to dismiss, or, in the alternative, for a more definite statement.  (Docs. 6, 8, and 17.)


II.  Standard of Review

Rule 8(a)(2) requires the plaintiff to make a "short and plain statement of a claim
showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The function of a
complaint is to give the defendant fair notice of plaintiff's claim and the grounds upon which
plaintiff relies.  *Doss v. S. Cent. Bell Tel. Co.*, 834 F.2d 421, 424 (5th Cir. 1987) (citing *Conley v.
Gibson*, 355 U.S. 41, 47 (1957)).  "The pleading standard Rule 8 announces does not require

'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544. 555 (2007)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of its entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (internal quotation omitted). A plaintiff must allege sufficient facts to state a claim to relief that is "plausible" on its face. *Id.* at 569. A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). It is the court's responsibility to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success. *Id.* However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

III.  Discussion

To state a claim under the TDTPA, one must first be a "consumer" as defined by the statute.  *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 386 (Tex. 2000).  Under the TDTPA, a "consumer" is one "who seeks or acquires by purchase or lease, any goods or services, except that the term does not include a business consumer that has assets of $25 million or more, or that is owned or controlled by a corporation or entity with assets of $25 million or more."  Tex. Bus. & Com. Code § 17.45 (4).  A "business consumer" is "an individual, partnership, or corporation who seeks or acquires by purchase or lease, any goods or services for commercial or business use."  *Id.* § 17.45(10).  For purposes of the TDTPA, "assets" means "gross assets."  *Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 469 (5th Cir. 2002) (citing *Eckman v. Centennial Sav. Bank*, 784. S.W.2d 672, n.3 (Tex. 1990)).

Defendant Federal argues that Plaintiff's claim for violation of the TDTPA should be dismissed because IDev does not qualify as a "consumer" under the statute.  (Doc. 6 at 2.) Specifically, Federal points to a comparative balance sheet showing that on August 31, 2008, days before Hurricane Ike, IDev listed its gross assets at $25,268,565.  (*Id.* at 6.)  Plaintiff IDev responds that its status as a "business consumer" under the TDTPA cannot be accurately determined because its assets were not calculated at a "pertinent time."  (Doc. 9 at 4–5.)  Under the pertinent time test, a business consumer's assets "at the time of alleged violation of the [T]DTPA and at the time that the lawsuit was brought" controls.  *Hugh Symons*, 292 F.3d at 469. IDev's TDTPA claim accrued on April 23, 2009, when its insurance claim was denied by Federal, and it filed suit on October 6, 2009.  IDev attaches an audited balance sheet stating its assets at $15,473,058 as of December 31, 2008.  (Doc. 9-1 at 2.)  However, even based on the balance sheet cited by Federal, IDev's assets immediately before Hurricane Ike were just one

percent above the $25,000,000 statutory limit.  (Doc. 6 at 6.)  The Court agrees that IDev's assets at the time its TDTPA claim accrued controls and therefore this claim cannot be dismissed on the pleadings.

Federal separately moves for a more definite statement.  (Docs. 8, 17.)  IDev filed its original petition in state court on October 6, 2009.  (Doc. 1-5.)  Despite IDev's reference to its "Second Amended Petition," no amended complaint was ever filed in federal court.  (Doc. 9 at 6.)  IDev's current state court petition is clearly deficient.  *See, generally, Iqbal*, 129 S. Ct. 1937. Federal points out that IDev as provided no evidence that the twenty-one employees in question did not work following Hurricane Ike and has failed to specify whether its claims come under the "extra expense" or "business income loss" clauses of the insurance policy.  For example, IDev's claim that Federal "engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code, to wit (a) misrepresenting to a claimant a material fact or policy provision related to coverage at issue; . . . ." provides nothing beyond a formulaic recitation of the statutory provisions.  (Doc. 1-5 at ¶ 11.)  At a minimum, Plaintiff must state what fact or policy provision it believes was misrepresented.  IDev's other claims are similarly bereft of any factual detail.  (*See Id.* at ¶¶ 12–19.)


IV.  Conclusion

Accordingly, the Court hereby ORDERS that Defendant Federal Insurance Company's Motion for More Definite Statement (Docs. 8, 17) is GRANTED.  Plaintiff shall file an amended complaint within thirty (30) days.

The Court further ORDERS that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc.6) is DENIED.

The Court further ORDERS that Defendant's Motion to Compel Mediation (Doc. 7) is DENIED.  It is the undersigned judge's policy to encourage settlement whenever possible, but the Court declines to compel mediation without the consent of both parties.

SIGNED at Houston, Texas, this 20th day of September, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE